MEMORANDUM **
In these consolidated petitions, Humberto Mariscal-Caro, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA”) orders *376 dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for cancellation of removal (No. 05-75321), denying his motion to reopen and reconsider (No. 05-76721), and reissuing its July 5, 2005 decision in amended form (No. 06-71133). Our jurisdiction is governed by 8 U.S.C. § 1252. We review legal and constitutional issues de novo. Vasquez-Zavala v. Ashcroft, 324 F.3d 1105, 1107 (9th Cir.2003). We dismiss the petition for review in No. 05-75321, deny the petition for review in No. 05-76721, and dismiss in part and deny in part the petition for review in No. 06-71133.
In his opening brief, Mariscal-Caro fails to address, and therefore has waived any challenge to, the BIA’s denial of his motion to reopen and reconsider. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996).
We lack jurisdiction to review the agency’s discretionary determination that Mariscal-Caro failed to show exceptional and extremely unusual hardship to a qualifying relative. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 929-30 (9th Cir.2005). Moreover, Mariseal-Caro’s contention that the IJ violated his due process rights by disregarding evidence is not supported by the record and therefore does not amount to a colorable constitutional claim. Id. at 930.
We also lack jurisdiction to review the agency’s discretionary denial of voluntary departure. See 8 U.S.C. § 1229c(f). Mariseal-Caro’s due process claim regarding the denial of voluntary departure is not colorable. See Martinez-Rosas, 424 F.3d at 930.
Contrary to Mariseal-Caro’s contention, the agency’s interpretation of the hardship standard in his case falls within the broad range authorized by the statute. See Ramirez-Perez v. Ashcroft, 336 F.3d 1001, 1004-06 (9th Cir.2003); cf. Alvarez Figueroa v. Mukasey, 543 F.3d 487 (9th Cir.2008). Mariseal-Caro’s contention regarding moral character is unavailing because the agency denied cancellation of removal solely on the ground of hardship.
Because the BIA reissued its July 5, 2005 order dismissing Mariseal-Caro’s appeal, Mariscal-Caro has not demonstrated prejudice from the BIA’s alleged failure properly to notify him of its decision. See Lara-Torres v. Ashcroft, 383 F.3d 968, 976 (9th Cir.2004), amended by 404 F.3d 1105 (9th Cir.2005).
Finally, we dismiss the petition for review in No. 05-75321 as moot.
No. 05-75321: PETITION FOR REVIEW DISMISSED.
No. 05-76721: PETITION FOR REVIEW DENIED.
No. 06-71133: PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.